MISSOURI LOAN BANK, Defendant in Error, *v.* ISAAC F. GARNER *et al.*, Plaintiffs in Error.

#### February 14, 1876.

A negotiable note executed by A, B, and C, in favor of D, and by him indorsed for value to the plaintiff before maturity, having been protested for non-payment, A went to the office of plaintiff and declared his readiness to pay his share of the note. The party in charge of the office stated his willingness to receive whatever A might pay, and refer the matter to plaintiff. A thereupon left a check for one-fourth of the note, or thereabouts, with instructions that it was only to be used in case of its being accepted as a satisfaction of A's liability. B did very much the same thing. Plaintiff credited their checks on the note, and sued A and B for the residue. The Circuit Court gave plaintiff judgment for the unpaid balance. *Held*, that this was correct.

ERROR to St. Louis Circuit Court.

*Affirmed, with 10 per cent. damages.*

*Donovan & Conroy*, for defendant in error.

*Polk & Causey*, for plaintiffs in error.

GANTT, P. J., delivered the opinion of the court.

This was an action commenced before a justice of the peace to recover the balance due on a negotiable promissory note for $300, dated May 16, 1868, at ninety days after date, executed by Garner, Crews, and Rucker, in favor of Holmes, and by him indorsed. There was credited on the note the sum of $67.11, paid by Crews on October

24, 1868, and a like sum on the same day by Garner. In the justice's court, and, on appeal, in the Circuit Court, there was judgment for the plaintiff, which appears to have discounted the paper.    At the trial, in the Circuit Court, Crews testified that he was one of the parties who executed the note ; that the other parties to the note and Mr. Moody, cashier of plaintiff, were officers of a mining company, to raise money for working which this note was made ; that the bank discounted the note ; that, soon after the protest, he went to the bank and called for the note, and said to the person at the counter that he wished to pay his share of the note, which was one-fourth ; that Moody was liable to the same proportion.    The person indicated said he would receive what Crews offered, and submit the matter to Moody.    Witness left a check for $77, with the distinct understanding that it was not to be used unless in full satisfaction of witness' share ; told the person at the counter to show the check to Moody, and, if the proposal was accepted, to credit it on the note, otherwise to return the check ; heard nothing more of the note for a year, when Daubigne presented the note to him for payment ; Garner testified in the same manner, as to his payment, and the court refused to declare the law to be that the payment of these two sums discharged Garner and Crews, and gave judgment, apparently, for the balance due against them.    In so doing, the court committed no error. There is not, in what appears, the semblance of a defense to the action.    The note was a negotiable instrument, and had been negotiated.    It was protested for non-payment on August 17, 1868.    No payment was made on it until October 24, 1868.    At that time there was due on it 4 per cent. damages, and 10 per cent. interest, making a total of $317.80, of which one-fourth was $79.45 ; but this is of no importance.    All the makers of the note were bound for its payment, and each one of them was bound *in solido* to the bank which had discounted it.    No agreement

was made by the bank to discharge any of them on payment of less than the whole of it; still less to discharge any of them on payment of less than one-fourth of what was due on it; and, if any such agreement had been made, it would be difficult to uphold it, unsupported as it is by any consideration. It is enough, however, that no such agreement was made. The respondent asks for affirmance, with 10 per cent. damages. We are of opinion that such is the appropriate judgment in this case, and accordingly affirm the judgment, with damages at the rate of 10 per cent. All the judges concur.